FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 10 P 4: 10

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

STEVIE PIERCE, #364760,

    Petitioner,

v.

RICKEY FOXWELL, *et al.*,

    Respondents.

Case No.: GJH-17-2226

## MEMORANDUM OPINION

Petitioner Stevie Pierce, an inmate confined at the Eastern Correctional Institution in Westover, Maryland, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For reasons set forth below, the Petition shall be denied.

## I. BACKGROUND

On August 4, 2017, the Court received Pierce's self-represented Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition was signed on August 2, 2017, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270–76 (1988); *United States v. McNeill*, 523 F. App'x. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919–20 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

The Petition challenges Pierce's 2010 conviction in the Circuit Court for Baltimore City for distribution of heroin. On August 11, 2017, the Court issued an Order requiring Respondents to file an answer to the Petition within forty days and granted Pierce thirty days to file a reply.

1

ECF No. 3. Respondents filed a Limited Answer to the Petition on September 12, 2017, seeking dismissal of the Petition premised on the argument that Pierce's claims are time-barred. ECF No. 4. Pierce has filed a Reply. ECF No. 5.

## II. DISCUSSION

### A. Petition and Limitations Period

According to the state court docket, Pierce pled guilty to the distribution of heroin. ECF No. 4-1. Pursuant to the plea agreement, on or about August 23, 2010, he was sentenced to a 28-year term. No appeal was filed. However, Pierce filed a motion for modification of sentence on or about February 7, 2012, and his term was reduced to 20 years by Judge Lynn K. Stewart on January 23, 2013. *Id.* As he did not seek leave to appeal from his new sentence, Respondents argue his criminal judgment became final for direct appeal purposes as of February 22, 2013. *See* Md. Rule 8-204 (application for leave to appeal must "be filed within 30 days after entry of the judgment or order from which the appeal is sought").

On November 15, 2013, Pierce filed a self-represented post-conviction petition in the Circuit Court for Baltimore City. On September 9, 2015, Circuit Court Judge Pamela J. White denied post-conviction relief. ECF No. 4-1. Pierce's application for leave to appeal this decision was summarily denied by the Court of Special Appeals for Maryland on September 27, 2016. ECF No. 4-2. The mandate was issued on February 7, 2017. *Id.*

Respondents contend that the Petition is untimely under 28 U.S.C. § 2244(d)(2). When affording his time-line a generous construction, they assert that Pierce's conviction became final for direct appeal purposes on February 22, 2013. More than eight months passed before Pierce filed his post-conviction petition on November 15, 2013. In addition, more than five months passed between the issuance of the mandate denying Pierce's application for leave to appeal the

2

denial of his post-conviction petition (February 7, 2017) and his filing of this Petition for habeas corpus relief (August 2, 2017). During this combined 13-month period there were no pending collateral proceedings in state court to toll the § 2244(d) limitations period.

In his Reply, Pierce argues that his Petition is not untimely. He contends that on August 23, 2010 he was sentenced to 28 years and the sentence was reduced to 20 years on January 23, 2013, based upon the grant of his motion for modification of sentence. ECF No. 5. He contends that his judgment did not become final as of February 22, 2013, because he was allowed to re-open his post-conviction petition on December 17, 2015 in order to file an application for leave to appeal. *Id.*

### A. Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under a generous construction, Pierce's conviction became final for direct appeal purposes on February 22, 2013. From February 23, 2013 to November 14, 2013, (265 days) no petitions for collateral review were pending in the state courts. Further, from February 8, 2017, the day after the mandate denying Pierce's application for leave to appeal the denial of his post-conviction petition was issued, to August 1, 2017, the day before his filing of this Petition for habeas corpus relief (174 days), no § 2244(d)(2) petitions were pending in state court. Therefore, Pierce's Petition is time-barred. Petitioner's explanation for statutory tolling is incorrect and fails to take into consideration the periods of time from 2013 through 2017, when no State collateral review proceedings were pending.

Under certain circumstances, the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). The Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005)).

Pierce has failed to make such a showing and has otherwise failed to demonstrate any ground on which equitable tolling applies. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

**B. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478; *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773–74 (2017).

Pierce's claims are dismissed on procedural grounds, and, upon review of the record, the Court finds that he has not made the requisite showing under *Slack*. The Court therefore declines to issue a certificate of appealability. Pierce may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th

5

Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### C. Request for Counsel

In his Reply to Respondents' Response to the Petition for Writ of Habeas Corpus, Petitioner requests the Court to appoint counsel but provides no particular reason for doing so. ECF No. 5. There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see also Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). However, the Court may appoint counsel to represent a financially eligible petitioner in a proceeding where the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Such a decision is within the discretion of the district court. *See, e.g., Bowman v. White*, 388 F.2d 756, 761 (4th Cir.1968). Where the issues can be properly resolved on the basis of the record, a district court does not abuse its discretion in denying a request for court-appointed counsel. *Hoggard*, 29 F.3d at 471. For the reasons set forth herein, the Petition is clearly time-barred, and Petitioner's request for counsel is denied.

### III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, shall be denied. A separate Order follows.

Dated: May 10, 2018

GEORGE J. HAZEL
United States District Judge